1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN WAYNE BONILLA J-48500, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE AMALIA L. MEZA, *et al.*, <br><br> Defendants. | Case No.:  20-cv-00704-BAS-AGS <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE AND FAILING TO MOVE TO PROCEED** *IN FORMA PAUPERIS* |

15    Steven Wayne Bonilla ("Plaintiff"), currently incarcerated at San Quentin State

16 Prison located in San Quentin, California, and proceeding *pro se*, has filed a civil rights

17 action.  (Compl., ECF No. 1.)

18 **I.    FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

19    All parties instituting any civil action, suit or proceeding in a district court of the

20 United States, except an application for writ of habeas corpus, must pay a filing fee of

21 $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to

22 prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

23 § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

24 *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the Plaintiff is a prisoner, and

25

26 [1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff.

27 Dec. 1, 2014).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1

20cv704

even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action, nor has he submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).  Therefore, his case cannot yet proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.   CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1)   **DISMISSES** this action *sua sponte* without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2)   **GRANTS** Plaintiff **thirty (30) days** leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the six-month period preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."  If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements and without further Order of the Court.

**IT IS SO ORDERED.**

**DATED: April 21, 2020**

Hon. Cynthia Bashant
United States District Judge

2