| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **FOR THE SOUTHERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JUDGE AMALIA L. MEZA, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:20-cv-00704-BAS-AGS<br>Case No.: 3:20-cv-00823-BAS-MDD<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 3]**<br><br>**AND** |
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CLARENCE DON CLAY, *et al.*,<br><br>　　　　　　　　　　　Defendants. | **(2) DISMISSING CIVIL ACTIONS FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Steven Wayne Bonilla, proceeding *pro se* and currently incarcerated at San Quentin State Prison, has filed two civil actions. In *Bonilla v. Meza, et al.*, S.D. Cal. Civil Case No. 3:20-cv-00704-BAS-AGS ("*Bonilla I*"), Plaintiff has filed a civil action against a number of state judges seeking to have Defendants declare his Alameda County Superior Court capital conviction and sentence void for lack of subject-matter jurisdiction. (*See* Compl. at 2–4, ECF No. 1.) On April 21, 2020, the Court dismissed Plaintiff's Complaint

for failure to pay the filing fee required by 28 U.S.C. Section 1914(a) and/or to file a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. Section 1915(a) and granted Plaintiff thirty days leave in which to pay the filing fee or file a complete motion to proceed IFP. (*See* ECF No. 2 at 2–3.) Plaintiff later filed a Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) on May 4, 2020. (*See* ECF No. 3.)

In *Bonilla v. Clay, et al.*, S.D. Cal. Civil Case No. 3:20-cv-00823-BAS-MDD ("*Bonilla II*"), Plaintiff has filed a civil action against a number of state and federal judges also seeking to compel Defendants to "perform a duty owed to the Plaintiff to declare the Alameda judgment void." (*See* ECF No. 1.) Plaintiff has not filed a Motion to Proceed IFP in this matter.

## I. MOTION TO PROCEED IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. Section 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes

rule . . . ."). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When . . . presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**B.    Discussion**

As a preliminary matter, the Court has reviewed Plaintiff's Complaint in *Bonilla I*[1] and finds that it does not contain any "plausible allegations" to suggest that he "faced

---

[1] While Plaintiff is not currently seeking IFP status in *Bonilla II*, if Plaintiff were to file a Motion to Proceed IFP, the Court would find that he is not entitled to IFP status for the same reasons set forth in this Order concerning *Bonilla I*.

'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, in *Bonilla I*, Plaintiff alleges that his judgment of conviction should be declared "null and void" because the "evidence in the case is the fruit of a federal grand jury subpoena" that was "never entered on the court docket as an exhibit." (*See* Compl. at 2.) As a result, Plaintiff argues that Defendants had a duty to declare his judgment of conviction void. (*See id.*)

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is true here.

Based on the dockets of many court proceedings available on PACER,[2] this Court finds that Plaintiff Steven Wayne Bonilla, identified as CDCR #J-48500, while incarcerated, has had dozens of prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 ("The following five actions are DISMISSED without prejudice and without leave to amend for failure to state a claim upon which relief may be granted: *Bonilla v. Superior Court of Alameda County*, C 11-6306; *Bonilla v. Alameda County District Attorney's Office*, C 11-6307; *Bonilla v. California Supreme Court*, C 12-0026;

---

[2] A court may take judicial notice of its own records. *See Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015). Additionally, a court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

*Bonilla v. Cullen*, C 12-0027; *Bonilla v. California Supreme Court*, C 12-0206."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed in forma pauperis in any civil rights action.") (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19)).

Accordingly, because Plaintiff has, while incarcerated, accumulated far more than the three "strikes" permitted by § 1915(g), and he fails to make any plausible allegation that he faced imminent danger of serious physical injury at the time he filed this case, he is not entitled to the privilege of proceeding IFP.  *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II.  CONCLUSION AND ORDERS

For the reasons set forth above:

(1)  The Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) filed in *Bonilla v. Meza, et al.*, S.D. Cal. Civil Case No. 3:20-cv-00704-BAS-AGS as barred by 28 U.S.C. § 1915(g);

(2)  **DISMISSES** *Bonilla v. Meza, et al.*, S.D. Cal. Civil Case No. 3:20-cv-00704-BAS-AGS and *Bonilla v. Clay, et al.*, S.D. Cal. Civil Case No. 3:20-cv-00823-BAS-MDD based on Plaintiff's failure to pay the civil filing fee required by 28 U.S.C. § 1914(a);

(3)  **DIRECTS** the Clerk of Court to enter this Order in both matters.

(4)  **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. Section 1915(a)(3); and

(5)  **DIRECTS** the Clerk of the Court to close both files.

**IT IS SO ORDERED.**

**DATED: May 11, 2020**

Hon. Cynthia Bashant
United States District Judge